# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Altony Brooks, ) | |
| ) | C.A. No.: 9:15-cv-3195-PMD-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sgt. Davenport, Ofc. Ledwell, Warden ) | |
| Stevenson, Warden Sutton, Captain Pack, ) | |
| and Lieutenant Carter, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff's objections to Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 39 & 36). In his R & R, Magistrate Judge Marchant recommends granting Defendants' motion for summary judgment. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and grants Defendants' motion for summary judgment.

## BACKGROUND

This 42 U.S.C. § 1983 action arises out of a November 2012 incident that occurred at the Broad River Correctional Institute, in which Defendant Ledwell allegedly sprayed Plaintiff with chemical munitions. Plaintiff alleges that, after that incident, he was given nutraloaf for three days, his cell's water was cut off, and he was therefore unable to relieve the burning of the chemical munitions. Defendants contend that the chemical munitions were necessary because Plaintiff was holding on to the food flap of his cell and thereby endangering the corrections officers' safety. In contrast, Plaintiff alleges that he was assaulted for no apparent reason.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and it may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

Plaintiff makes a number of objections to the R & R, but they boil down to five primary objections. First, he contends that it was improper for Magistrate Judge Marchant to take judicial notice of the South Carolina Department of Corrections' ("SCDC") grievance procedure. Second, he argues that either there is no Step 2 grievance appeal procedure or that an administratively closed grievance is not appealable. Third, he claims that the Defendants' failure to respond to his grievance within 114 days should preclude them from asserting that he failed to exhaust his administrative remedies. Fourth, he objects to Michael Tindal's affidavit as hearsay because Tindal was not the person listed as closing Plaintiff's grievance. Finally, Plaintiff generally objects to the dismissal of his state-law claims. The Court will address each objection *seriatim*.

### I.     Judicial Notice

Magistrate Judge Marchant took judicial notice of SCDC's grievance procedure in the process of making his recommendation that the Court grant Defendants' motion for summary judgment. Plaintiff objects, stating that the cases Judge Marchant relied on to inform him of SCDC's grievance procedures were not decided in 2012 or 2013. Although it is not clear from Plaintiff's objections why he believed the cases cited in the R & R needed to be from 2012 or 2013, the Court interprets this objection as Plaintiff's concern that the Magistrate Judge took judicial notice of an out-of-date SCDC grievance policy. The Court does not share that concern. If the Magistrate Judge had taken judicial notice of a policy that was not in place when this incident occurred, Plaintiff's objection might have some merit. However, there is nothing in the record to show that the Magistrate Judge applied an out-of-date policy. This Court has previously held that it is appropriate to take judicial notice of SCDC's grievance procedures, and

the Court sees no error in the Magistrate Judge's decision to do so here. *See Jones v. Hartwig*, No. 8:13-cv-334-DCN, 2014 WL 101983, at *5 (D.S.C. Jan. 8, 2014). Indeed, SCDC's grievance procedure is frequently implicated in § 1983 litigation. *See, e.g., Byrd v. Stirling*, 144 F. Supp. 3d 803, 808 (D.S.C. 2015); *Branton v. Ozmint*, No. 8:08-cv-2306-GRA-BHH, 2009 WL 1457144, at *2 (D.S.C. May 22, 2009); *Jones v. Kay*, No. 4:07-cv-3480-SB, 2007 WL 4294216, at *5 (D.S.C. Dec. 5, 2007); *Jenkins v. S.C. Dep't of Corrs.*, No. 0:05-cv-2800-HFF, 2006 WL 1083563, at *5 (D.S.C. Apr. 18, 2006). Accordingly, Magistrate Judge Marchant's decision to take judicial notice of the grievance procedure was appropriate, and Plaintiff's objections to that decision are overruled.

## II.    Exhaustion of SCDC's Grievance Procedure

Plaintiff next contends that Defendants have produced no evidence of his failure to exhaust by not filing a Step 2 grievance. Alternatively, he claims that his failure to file a Step 2 grievance does not mean that he failed to exhaust his administrative remedies. The Court addresses each contention in turn.

First, Plaintiff's relevant grievance record is attached to Defendants' motion for summary judgment as Exhibit A. On Plaintiff's handwritten Step 1 grievance, as well as on the computer generated Inmate Grievance Application inquiry, Defendants or their agents state that Plaintiff's grievance was administratively closed due to Plaintiff's failure to participate in the grievance process. Additionally, the computer-generated date on which an appeal was filed reads "00/00/00," clearly indicating that no appeal was filed. (Defs.' Mot. Summ. J., Exh. A., ECF No. 26-2, at 4.) These records, along with the affidavits submitted in support of Defendants' motion, have satisfied the Court that Plaintiff did not file a Step 2 grievance.

Second, Plaintiff argues that his failure to file a Step 2 grievance does not mean that he failed to exhaust his administrative remedies. The essence of his argument is that neither Defendants nor Magistrate Judge Marchant have shown that Plaintiff was required to file a Step 2 grievance after his Step 1 grievance was administratively closed. Plaintiff makes much of the fact that exhaustion is an affirmative defense. "However, to survive a motion for summary judgment asserting that he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust." *Jones*, 2014 WL 101983 at *5 (citing *Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (per curiam)). Here, Plaintiff has failed to do so. Instead, Plaintiff maintains his focus on Defendants' failures to show that SCDC's policy requires him to file a Step 2 grievance after his Step 1 grievance was administratively closed. As stated by the Magistrate Judge, Plaintiff simply does not dispute that he never filed a Step 2 appeal of the dismissal of his Step 1 grievance. Moreover, the Court is unaware of an "administratively closed" exception to the general rule that a Step 2 grievance is necessary before an inmate may seek relief in this Court. Accordingly, Plaintiff's objection is overruled.

### III.     Defendants' Preclusion from Arguing Failure to Exhaust

Plaintiff next asserts that Defendants should be precluded from arguing failure to exhaust as a result of their delay in responding to his Step 1 grievance. This objection restates Plaintiff's original arguments before the Magistrate Judge, and the Court concludes that the R & R adequately responds to this objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). Accordingly, Plaintiff's objection is overruled.

### IV.     Michael Tindal's Affidavit

Plaintiff next contends that Michael Tindal's affidavit is inadmissible hearsay because he was not the employee who closed the grievance administratively. The Court disagrees. Mr. Tindal works for SCDC as an inmate grievance administrator. Although Mr. Tindal may not have been the employee who actually closed Plaintiff's grievance, the statements in his affidavit reflect his knowledge of Plaintiff's grievance history. Beyond the generic allegation that Mr. Tindal's affidavit is hearsay, Plaintiff does not provide any additional reasons to doubt the veracity of Mr. Tindal's affidavit. Having reviewed the affidavit, the Court is satisfied that the statements contained therein are not hearsay. Accordingly, Plaintiff's objection is overruled.

### V.     Dismissal of State-Law Claims

Finally, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his state-law claims as a result of the dismissal of his federal claims. Again, the Court concludes that the Magistrate Judge's analysis is correct. Plaintiff's federal claim is before this Court pursuant to the Court's federal question jurisdiction over actions arising under 42 U.S.C. § 1983, and Plaintiff's state-law claims are before this Court pursuant to its supplemental jurisdiction over state-law claims that form part of the same case or controversy. Where all federal question claims have been dismissed, this Court may decline to exercise supplemental jurisdiction over any related state-law claims. 28 U.S.C. § 1367. The Court finds it appropriate to do so here. Accordingly, Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's objections are **OVERRULED**, that the R & R is **ADOPTED**, and therefore that Defendants' Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 29, 2016**
**Charleston, South Carolina**